IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

TREY ANDERSON, :
:
        Plaintiff, :
:
   v. : Civ. No. 16-479-LPS
:
DELAWARE STATE UNIVERSITY, :
:
        Defendant. :

Trey Anderson, Baltimore, Maryland, Pro Se Plaintiff.

James Darlington Taylor, Jr., Saul Ewing Arnstein & Lehr LLP, Wilmington, Delaware. Counsel for Defendant.

**MEMORANDUM OPINION**

July 30, 2019
Wilmington, Delaware

STARK, U.S. District Judge:

I.   INTRODUCTION

Plaintiff Trey Anderson ("Plaintiff") commenced this action on June 23, 2016. (D.I. 1) The matter proceeds on the claims in the First Amended Complaint against Defendant Delaware State University ("Defendant"). (D.I. 9) Defendant moves to dismiss for failure to prosecute or, in the alternative, for summary judgment. (D.I. 34) For the reasons set forth below, the Court will grant the Motion to Dismiss for Failure to Prosecute and will deny as moot the Motion for Summary Judgment.

II.   BACKGROUND

Plaintiff was represented by counsel until February 14, 2018. (D.I. 26) He now proceeds *pro se*. The matter proceeds on a breach of contract claim against Defendant as alleged in the First Amended Complaint. (D.I. 9)

On November 11, 2017, the Court entered a scheduling order setting a status report deadline of March 30, 2018, a discovery deadline of August 31, 2018, and a dispositive motion deadline of October 1, 2018. (D.I. 21) On February 28, 2019, Defendant served written discovery on Plaintiff. (D.I. 27 and 28) The parties filed a joint status letter on March 30, 2018 and Plaintiff stated his intent to proceed with the action. (D.I. 31) On April 16, 2018, the parties participated in a teleconference. At the time, Plaintiff stated that he was attempting to retain counsel and that he had not received the discovery served on him in February. Defendant emailed Plaintiff the same February written discovery requests after the teleconference.

On April 17, 2018, the parties participated in a status call and Plaintiff reiterated that he was working to retain counsel. The Court directed Plaintiff to provide a status update within sixty days

2

on his progress securing counsel. There is no indication on the docket that Plaintiff provided an update.

As of October 1, 2018, Plaintiff had not responded to Defendant's written discovery requests and had not taken any discovery to support the remaining allegations in the First Amended Complaint. As a result, Defendant filed the instant motion to dismiss for failure to prosecute. Plaintiff did not file a response to the dispositive motion. Instead, he filed two letters with the Court. The first, dated November 2, 2018, asked the Court to call Plaintiff about his case and appeared to seek legal advice. (D.I. 36) The second, dated November 9, 2018, appeared to seek discovery and requested a teleconference. (D.I. 37) The Court set a status conference for December 7, 2018. (D.I. 38)

During the December 7, 2018 conference the Court vacated all scheduling order deadlines, asked Defense counsel to obtain any relevant records from Plaintiff's former attorney, and set a briefing schedule for Plaintiff to respond to the dispositive motion on or before December 21, 2018. (D.I. 41) As of January 9, 2018, Plaintiff had yet to respond to Defendant's discovery requests or to file a response to the motion to dismiss. (D.I. 44)

On March 25, 2019, the Court gave Plaintiff one final opportunity to respond to the motion to dismiss with a deadline of on or before April 19, 2019. (D.I. 46) On April 23, 2019, Plaintiff filed his affidavit. (D.I. 47)

Defendant moves for dismissal for failure to prosecute on the grounds that Plaintiff pays no heed to Court deadlines, he has provided no responses to Defendant's discovery requests, and the affidavit Plaintiff filed on April 23, 2019 does not address the issue raised – that Plaintiff has failed to prosecute this case.

## III. LEGAL STANDARDS

Pursuant to Fed. R. Civ. P. 41(b), a court may dismiss an action "[f]or failure of the plaintiff to prosecute or to comply with [the Federal Rules] or any order of court . . . ." Although dismissal is an extreme sanction that should only be used in limited circumstances, dismissal is appropriate if a party fails to prosecute the action. *See Harris v. City of Philadelphia*, 47 F.3d 1311, 1330 (3d Cir. 1995). Dismissal "must be a sanction of last, nor first resort." *Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863, 869 (3d Cir. 1984).

The Court should assess the following six factors to determine whether dismissal is warranted and abuses its discretion where it fails to properly consider and balance the factors. *See Hildebrand v. Allegheny Cty.*, 923 F.3d 128, 132 (3d Cir. 2019). The six factors are: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of other sanctions; and (6) the meritoriousness of the claim or defense. *See Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984); *see also Hildebrand*, 923 F.3d at 128; *Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3d Cir. 2002).

The Court must balance the factors and may dismiss the action even if all of them do not weigh against Plaintiff. *See Emerson*, 296 F.3d at 190. Because dismissal for failure to prosecute involves a factual inquiry, it can be appropriate even if some of the *Poulis* factors are not satisfied. *See Hicks v. Feeney*, 850 F.2d 152, 156 (3d Cir. 1998); *Curtis T. Bedwell & Sons, Inc. v. International Fidelity Ins. Co.*, 843 F.2d 683, 696 (3d Cir. 1988) (holding that not all *Poulis* factors must weigh in favor of dismissal). "[C]ases should be decided on the merits barring substantial circumstances in support of

the contrary outcome." *Hildebrand*, 923 F.3d at 132 (citations omitted). If the case is close, "doubts should be resolved in favor of reaching a decision on the merits." *Id.*

## IV. DISCUSSION

Upon review of the record, the Court finds that the *Poulis* factors warrant dismissal. First, as a *pro se* litigant, Plaintiff is solely responsible for prosecuting his claim. *See Hoxworth v. Blinder, Robinson & Co.*, 980 F.2d 912, 920 (3d Cir. 1992). Second, Defendant is prejudiced by Plaintiff's failure to prosecute. Prejudice occurs when a plaintiff's failure to prosecute burdens the defendant's ability to prepare for trial. *See Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222-23 (3d Cir. 2003). Here, Plaintiff's failure to respond to Defendant's discovery requests impedes Defendant's ability to develop a trial strategy.

As to the third factor, there is a history of dilatoriness. Plaintiff did not timely respond to Defendant's motion to dismiss. When he was given additional time to do so, he still missed the deadline by four days. Moreover, the affidavit he filed did not address the motion to dismiss for failure to prosecute.

As to the fourth factor, because Plaintiff has taken some action, albeit belatedly and without compliance with Court orders, the Court is unable to discern whether his failure to prosecute is willful or in bad faith. Hence, the fourth factor weights against dismissal. *See Hildebrand*, 923 F.3d at 135.

As to the fifth factor, because Plaintiff proceeds *pro se*, it is doubtful that monetary sanctions would be effective. Striking Plaintiff's First Amended Complaint would have the same effect as dismissal. Striking discovery would be ineffective since Plaintiff has not responded to Defendant's discovery requests and does not indicate that there are genuine issues to defeat Defendant's motion for summary judgment.

Turning to the sixth factor, Plaintiff points to no genuine issues of material facts to overcome Defendant's motion for summary judgment. Plaintiff alleges a breach of contract for an alleged agreement to pay his tuition and books, but fails to acknowledge that Defendant's financial award guide reserves the right to change a financial aid award. In addition, Plaintiff provided no facts disputing that he was an at-will employee who could be fired at any time and, instead, posits why he believes the decision to terminate him was incorrect.

"The standard for determining whether a plaintiff's claims are meritorious 'is moderate.'" *Hildebrand*, 923 F.3d at 137 (citation omitted). "A claim, or defense, will be deemed meritorious when the allegations of the pleadings, if established at trial, would support recovery by plaintiff or would constitute a complete defense." *Id.* (quoting *Poulis*, 747 F.2d at 869-70). In viewing the Complaint's allegations and the applicable law, the Court finds that Plaintiff's claim is less than moderately meritorious. Therefore, the sixth factor weighs in favor of dismissal.

In light of the foregoing analysis, the Court finds that the *Poulis* factors weigh in favor of dismissal for Plaintiff's failure to prosecute this case.

## V. CONCLUSION

For the above reasons, the Court will grant Defendant's motion to dismiss for failure to prosecute and dismiss as moot the alternative motion for summary judgment.

An appropriate Order follows.